IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN C. WARD,

      Plaintiff,               No. 2:11-cv-1657 GEB EFB P

    vs.

RICHARD IVES, et al.,

      Defendants.         <u>ORDER</u>

                             /

       This case, in which plaintiff is a federal prisoner proceeding pro se, was referred to the undersigned under Local Rule 302(c)(17), pursuant to 28 U.S.C. § 636(b)(1). After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended complaint.

       Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

////

////

1

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

The court has reviewed the amended complaint, and for the limited purposes of section 1915A screening, finds that it states potentially cognizable Eighth Amendment claims against defendants Salinas, Binford, Fieber, and Gulani, and a First Amendment retaliation claim (and conspiracy to retaliate claim) against defendants Salinas and Binford. For the reasons stated below, the amended complaint fails to state a cognizable claim for relief against defendants Federal Bureau of Prisons, Richard B. Ives and E. Debruler.

Plaintiff alleges that the Federal Bureau of Prisons violated his rights under the Federal Tort Claims Act based on the duty of care imposed by 18 U.S.C. § 4042. As the court previously informed plaintiff, however, these allegations fail to state a cognizable claim. Rather, where the

duty imposed by section 4042 is breached, the remedy is an action against the United States, under the Federal Tort Claims Act. *See Williams v. United States*, 405 F.2d 951, 954 (9th Cir. Cal. 1969).

Plaintiff also names Debruler and Ives as defendants. As the court previously informed plaintiff, an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 129 S. Ct. at 1948. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Here, plaintiff fails to sufficiently plead that either defendant Debruler or Ives personally participated in a deprivation of plaintiff's federal rights. To the extent plaintiff intends to impose liability against either defendant based on his or her handling of plaintiff's administrative appeals, plaintiff is again informed that there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on a defendant simply because he or she played a role in processing plaintiff's inmate appeals.

Thus, plaintiff may proceed against defendants Salinas, Binford, Fieber, and Gulani, or he may amend his complaint to attempt to cure the deficiencies identified above. Plaintiff is not obligated to amend his complaint.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended

complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, the court hereby orders that:

1. Defendants Federal Bureau of Prisons, Ives and Debruler are dismissed. Within 30 days of service of this order, plaintiff may amend his complaint in accordance with this order.

2. Service is appropriate for defendants Salinas, Binford, Fieber, and Gulani.

3. If plaintiff wishes to have the United States Marshal serve the amended complaint on defendants Salinas, Binford, Fieber, and Gulani, he must file a request for leave to proceed in forma pauperis within 30 days from the date of this order. If plaintiff does not file such a request, or if the court denies any such request, plaintiff will be directed to proceed with service without the assistance of the United States Marshal.

4. The Clerk of the Court is directed to mail to plaintiff a form application for leave to proceed in forma pauperis.

DATED: August 28, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE