IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN C. WARD,

      Plaintiff,        No. 2:11-cv-1657 GEB EFB P

vs.

RICHARD IVES, et al.,

      Defendants.        ORDER AND
FINDINGS AND RECOMMENDATIONS

_____/

    This case, in which plaintiff is a federal prisoner proceeding pro se, was referred to the undersigned under Local Rule 302(c)(17), pursuant to 28 U.S.C. § 636(b)(1). After two dismissals pursuant to 28 U.S.C. § 1915A, plaintiff has filed a second amended complaint. He has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

The court has reviewed the second amended complaint, and for the limited purposes of section 1915A screening, and liberally construed, finds that it states potentially cognizable Eighth Amendment claims against defendants Salinas, Binford, Fieber, and Gulani, a First Amendment retaliation claim (and conspiracy to retaliate claim) against defendants Salinas and Binford, and a Federal Tort Claims Act claim against the United States.

Plaintiff also names Ives as a defendant.  The court has previously informed plaintiff that an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See*

*Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 129 S. Ct. at 1948. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Once again, plaintiff fails to sufficiently plead that defendant Ives personally participated in a deprivation of plaintiff's federal rights.

Accordingly, plaintiff may proceed only on his potentially cognizable claims against defendants Salinas, Binford, Fieber, Gulani, and the United States, and the court recommends that defendant Ives be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (Dckt. No. 16) is granted.

2. Service is appropriate for defendants Salinas, Binford, Fieber, Gulani, and the United States.

3. The Clerk of the Court shall send plaintiff five USM-285 forms, one summons, an instruction sheet and one copy of the September 12, 2012 amended complaint.

4. Within 30 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed summons and USM-285 forms and six copies of the endorsed complaint.

5. Upon receipt of the necessary materials, the court will direct the United States Marshal to serve defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs. Failure to comply with this order may result in a recommendation that this action be dismissed.

6.  Plaintiff's motion for relief from judgment (Dckt. No. 17) is denied as unnecessary.

Further, IT IS HEREBY RECOMMENDED that defendant Ives be dismissed from this action for failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 14, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN C. WARD,

      Plaintiff,                  No. 2:11-cv-1657 GEB EFB P

    vs.

RICHARD IVES, et al.,

      Defendant.              NOTICE OF SUBMISSION OF DOCUMENTS

_____/

    Plaintiff hereby submits the following documents in compliance with the court's Screening Order:

       1       completed summons form

       5       completed forms USM-285

       6       copies of the September 12, 2012 Complaint

Dated:

                                                Plaintiff