UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. WARD, | No. 2:11-cv-1657-GEB-EFB P |
| Plaintiff, | |
| v. | ORDER |
| RICHARD IVES, et al., | |
| Defendants. | |

Plaintiff is a federal prisoner proceeding without counsel in this civil rights action. On January 14, 2013, the court screened plaintiff's September 12, 2012 second amended complaint, and determined that service was appropriate for defendants Salinas, Binford, Fieber, Gulani, and the United States. ECF No. 20. Defendants Binford, Fieber, and the United States have been served; defendants Salinas and Gulani have not. ECF Nos. 25, 26, 30. On May 14, 2013, the court directed plaintiff to submit new information about where defendants Salinas and Gulani may be served with process. ECF No. 29.

In response to that order, plaintiff submitted new information for service on Salinas and requested dismissal of defendant Gulani. ECF Nos. 30, 31. Plaintiff's request to dismiss Gulani from this action, ECF No. 31, is granted. By separate order, the could will direct the United States Marshal to serve defendant Salinas based upon the new information provided by plaintiff.

/////

1

Plaintiff also requested leave to further amend his complaint to add "G. Graves" as a defendant, based upon allegations that Graves violated "BOP rules, regulation and policies . . . wrongfully issue[d] keys to heavy equipment forklift, a motor vehicle truck and compactor/bailer to an inmate, without authorization and no staff supervision to wit multiple accidents occur[r]ed specifically one with the plaintiff." ECF No. 31, ¶ 72.

Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Here, the court directed service of the second amended complaint through the United States Marshal on February 26, 2013, and service was executed as to at least two of the defendants on April 25, 2013. ECF Nos. 22, 25. Plaintiff moved to amend his complaint more than 21 days thereafter. *See* ECF No. 31 (May 31, 2013 Mot. to Amend). Therefore, plaintiff may not amend without either a stipulation or leave of the court.

Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Here, the claim plaintiff wants to add is so lacking in detail that it cannot be determined what specific cause of action plaintiff intends to assert. There, the request to amend the complaint must be denied as futile because the proposed amendment simply fails to state a claim upon which relief may be granted. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled

2

to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  In plaintiff's proposed amended complaint, he does not identify which of the BOP "rules, regulations, and policies" Graves allegedly violated.  Moreover, it is doubtful that any private right of action would exist based on Graves' purported breach of a BOP regulation.  *See Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*, 376 F.3d 831, 836 (9th Cir. 2004) ("[I]t is the relevant laws passed by Congress, and not rules or regulations passed by an administrative agency, that determine whether an implied cause of action exists."); *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001) ("Language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not.").  Thus, plaintiff's motion to amend his complaint in order to state a claim against Graves for violating an unspecified BOP rule, regulation, or policy, is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to dismiss defendant Gulani from this action is granted

2. Plaintiff's motion for leave to file a third amended complaint (ECF No. 31) is denied; and

3. Defendants Binford, Fieber, and the United States may file their responsive pleading at the same time that a responsive pleading from defendant Salinas becomes due.

Dated:  August 20, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE