UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. WARD,<br><br>                   Plaintiff,<br><br>         v.<br><br>RICHARD IVES, et al.,<br><br>                   Defendants. | No.  2:11-cv-1657-GEB-EFB P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff, a federal prisoner, is proceeding without counsel in this constitutional tort action brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  He also asserts a common law tort claim pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346.  There are several motions pending before the court which include: (1) plaintiff's motion to amend (ECF No. 41); (2) defendants United States of America, Jay Salinas, Ryan Binford, and Joe Fieber's motion to dismiss (ECF No. 44); (3) plaintiff's motion to compel (ECF No. 52); and (4) plaintiff's request to supplement his opposition to defendants' motion to dismiss (ECF No. 56).  For the reasons stated below, plaintiff's motions to amend and to compel are denied and his request to supplement his opposition to defendants' motion to dismiss is granted.  In addition, the court finds that defendants' motion to dismiss must be granted.

**I.     Plaintiff's Allegations**

Plaintiff sustained a head injury while working in the recycling department at the Federal Correctional Institution ("FCI") Herlong.  In the second amended complaint, he claims that on

1

1   July 13, 2009, while on his work assignment, he fell from a bin, approximately ten feet above the
2   pavement. ECF No. 15, § III, ¶ 1; § IV, ¶¶ 3, 5.  He was taken to the hospital, where he received
3   a CAT scan and nineteen staples to close the wound to the back of his head. *Id.* § III, ¶ 1; § IV,
4   ¶ 5.

5   Plaintiff claims that defendant Fieber, the institution's "Safety Specialist" and "Recycle
6   Supervisor," "was told immediately prior to the accident that [plaintiff] was in danger of falling
7   and refused to act," even though another prisoner had fallen and broken his arm while performing
8   the same task, just six months earlier. *Id.* § I(B), ¶ 5; § IV, ¶¶ 10, 58.

9   The recycling supervisors, defendants Binford and Salinas, claimed that they did not learn
10  about plaintiff's accident until two days afterward. *Id.* § IV, ¶¶ 2, 9.  Nevertheless, it was
11  allegedly their responsibility to provide plaintiff with an accident report. *Id.* § III, ¶ ; § IV, ¶¶ 15-
12  17.  Plaintiff claims that they failed in this regard. *Id.* § IV, ¶¶ 14, 18.

13  In the months following the accident, plaintiff purportedly experienced seizures, dizziness,
14  ringing in his ears, and problems with vision, balance, focus, and memory. *Id.* § III, ¶¶ 2, 5.  He
15  claims it was difficult to obtain medical treatment because the medical department had no record
16  of the accident, and plaintiff believed that providing the department with a copy of the accident
17  report would help him obtain the treatment he needed. *Id.* § IV, ¶¶ 19, 22, 60.

18  On November 1, 2010, plaintiff filed an administrative appeal requesting a copy of the
19  accident report. *Id.* § IV, ¶ 19.  On November 29, 2010, Binford allegedly told plaintiff that he
20  would give him the accident report and other relevant documents, but only if plaintiff withdrew
21  his appeal. *Id.* § IV, ¶ 21.  Binford and Salinas subsequently presented plaintiff with an
22  incomplete and backdated accident report. *Id.* § IV, ¶¶ 23-24.  After seeing the deficient report,
23  plaintiff refused to cancel his appeal, and defendants refused to provide him with any accident
24  report. *Id.* § IV, ¶ 26.  Defendants Binford and Salinas allegedly claimed that plaintiff was not on
25  his work assignment when the injury occurred (an assertion with which plaintiff adamantly
26  disagrees), and were therefore not required to produce such a report. *Id.* § IV, ¶¶ 38-42, 63-65.
27  /////
28  /////

1    Plaintiff claims that his medical care was further delayed following the filing of his
2    administrative appeal. *Id.* § IV, ¶ 49. However, he notes that when he told Binford he could not
3    get a doctor's appointment, Binford secured an appointment for him. *Id.* § IV, ¶ 32.
4    According to plaintiff, defendants Salinas, Binford, and Fieber violated his Eighth
5    Amendment rights by "requiring him to work in conditions that were likely to cause serious
6    injury and did result in serious injury. They were deliberately indifferent to a serious known risk,
7    after [a] previous injury [had] recently occurred in the same work area." *Id.* § V, ¶ 1. Plaintiff
8    also claims that Salinas and Binford "acted in a retaliatory manner when the[y] promised to
9    provide a belated accident report, brought it to Plaintiff, but refused to hand it over when Plaintiff
10   refused to dismiss his administrative remedy." *Id.* § V, ¶ 4. Lastly, plaintiff claims that
11   defendant, the United States of America, is liable under the Federal Torts Claims Act because the
12   "Defendants are federal employees and Plaintiff suffered a serious head injury while on the work
13   assignment he was required to report to each day." *Id.* § V, ¶ 5.

**II.    Plaintiff's Motion to Amend (ECF No. 41)**

   **a.   Background**

Plaintiff filed his original complaint in June 2011. ECF No. 1. The court screened the complaint in accordance with 28 U.S.C. § 1915A, determined it did not state a claim upon which relief could be granted, and dismissed it with leave to amend. ECF No. 11. Plaintiff filed a first amended complaint in December 2011. ECF No. 12. Upon screening the first amended complaint, the court found that some of the allegations therein were cognizable while others were not. ECF No. 14. The court informed plaintiff that he could proceed with the claims identified by the court as cognizable or instead, file a second amended complaint. *Id.* Plaintiff then filed a second amended complaint. ECF No. 15. The court determined that for the limited purposes of section 1915A screening and liberally construed, the second amended complaint stated potentially cognizable Eighth Amendment claims against defendants Salinas, Binford, Fieber, and Gulani,[1]

/////

---

[1] Later, plaintiff voluntarily dismissed defendant Gulani. ECF Nos. 31, 36.

a First Amendment retaliation claim (and conspiracy to retaliate claim) against defendants Salinas and Binford, and a Federal Tort Claims Act claim against the United States. ECF No. 20.

Plaintiff subsequently moved to amend his complaint to assert a claim against defendant "Graves" for violating an unspecified Federal Bureau of Prisons ("BOP") rule, regulation, or policy. ECF No. 31. After the court denied that motion on August 21, 2013, plaintiff renewed his request, which is now before the court. ECF No. 41.

### b. Discussion

Like the initial motion, plaintiff's renewed motion to amend is denied. The order denying plaintiff's initial motion provided as follows:

> Plaintiff also requested leave to further amend his complaint to add "G. Graves" as a defendant, based upon allegations that Graves violated "BOP rules, regulation and policies . . . wrongfully issue[d] keys to heavy equipment forklift, a motor vehicle truck and compactor/bailer to an inmate, without authorization and no staff supervision to wit multiple accidents occur[r]ed specifically one with the plaintiff." ECF No. 31, ¶ 72.
>
> * * *
>
> Here, the claim plaintiff wants to add is so lacking in detail that it cannot be determined what specific cause of action plaintiff intends to assert. There[fore], the request to amend the complaint must be denied as futile because the proposed amendment simply fails to state a claim upon which relief may be granted. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). In plaintiff's proposed amended complaint, he does not identify which of the BOP "rules, regulations, and policies" Graves allegedly violated. Moreover, it is doubtful that any private right of action would exist based on Graves' purported breach of a BOP regulation. *See Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*, 376 F.3d 831, 836 (9th Cir. 2004) ("[I]t is the relevant laws passed by Congress, and not rules or regulations passed by an administrative agency, that determine whether an implied cause of action exists."); *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001) ("Language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not."). Thus, plaintiff's motion to amend his complaint in order to state a claim against Graves for violating an unspecified BOP rule, regulation, or policy, is denied.

ECF No. 36 at 2-3.

That same analysis pertains here. Plaintiff's renewed motion to amend does not materially differ from the original motion. He again seeks to add Graves (a federal employee) as a defendant, claiming that Graves was negligent because he did not comply with certain BOP regulations. *See* ECF No. 41 ("[i]f Graves had followed BOP policy and not issued keys to heavy equipment without supervision [the] accident could not have happened, therefore proximate cause is established"). Once again, plaintiff fails to plead sufficient facts as to Graves to state a cognizable claim for relief. Assuming from plaintiff's conclusory allegations that he intends to assert a claim for negligence, i.e. that Graves owed plaintiff a duty of care and that he breached that duty, allegations which the complaint fails to clearly state, such a claim fails as a matter of law. The Federal Tort Claims Act provides the exclusive remedy for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act of omission of any employee of the Government while acting within the scope of his office or employment," 28 U.S.C. § 2679(b)(1), and the United States is the only proper defendant in a suit brought pursuant to the FTCA. *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) ("The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States."). Because only the United States may be sued for injuries arising from the negligent act of a BOP employee, any negligence claim against Graves necessarily fails. For these reasons, plaintiff's renewed motion to amend (ECF No. 41) is denied.[2]

### III. Plaintiff's Motion to Compel (ECF No. 52)

Plaintiff has also filed what he describes as a "motion to compel to dismiss defendants' motion to dismiss." ECF No. 52. While not entirely clear, plaintiff appears to argue that defendants failed to respond to his discovery requests and, as a result, defendants' motion to dismiss must be denied. His discovery requests sought information about why defendant Binford is no longer employed by the Bureau of Prisons. Plaintiff has not shown that he actually served defendants with any requests for discovery, but even if he had, the consequence of defendants'

---

[2] The motion to amend is denied without further leave to amend because, as explained *infra*, any FTCA claims against the United States arising from plaintiff's July 2009 injury are jurisdictionally barred.

5

1  failure to respond would not be denial of their motion to dismiss.  As a threshold matter, the court
2  generally only authorizes discovery following the resolution of any motions to dismiss and the
3  defendants' filing of an answer.  Here, there is no reason to depart from that general practice, as
4  any discovery related to Binford's employment status and/or history would not assist the court in
5  resolving defendants' motion to dismiss, which turns on purely questions of law and the
6  sufficiency of allegations in the complaint.  Accordingly, plaintiff's motion to compel is denied.

**IV.    Defendants' Motion to Dismiss (ECF No. 44)**

Defendants argue in their motion to dismiss that plaintiff's Federal Tort Claims Act ("FTCA") claim against the United States is barred due plaintiff's failure to timely present an administrative claim.  They further argue that the second amended complaint fails to plead sufficient facts to state either a First or Eighth Amendment claim.  *See* Fed. R. Civ. P. 12(b)(1), 12(b)(6).

**A.  Legal Standards Under Rule 12(b)(1)**

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute . . . ."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  Rule 12(b)(1) allows a party to seek dismissal of an action where federal subject matter jurisdiction is lacking.  "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion."  *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

A party may seek dismissal for lack of jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence."  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  In a factual challenge, the court may consider evidence demonstrating or refuting the existence of jurisdiction.  *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).  "In such circumstances, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Id.* (quoting *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)).

### B. Legal Standards Under Rule 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55, 562-63, 570 (2007) (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would entitle him to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 1965. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir. 1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include specific facts necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987)). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104

(1991)). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Nor need the court accept unreasonable inferences, or unwarranted deductions of fact. *Sprewell*, 266 F.3d at 988.

### C. Pro Se Standards

The court is cognizant of plaintiff's pro se status. Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

### D. Discussion[3]

#### a. Federal Tort Claims Act Claim

Plaintiff's tort claims against the United States must comply with the procedural requirements imposed by Congress, including the requirement for timely exhaustion of an administrative claim process. Under the doctrine of sovereign immunity, actions against the United States may not be maintained except by its express consent. *United States v. Testan*, 424 U.S. 392, 400 (1976); *Doe v. Attorney Gen. of U.S.*, 941 F.2d 780, 788 (9th Cir. 1991). Although Congress has consented to suits against the United States under the FTCA, prior to litigating a tort claim against the United States, a plaintiff must first file an administrative claim with the appropriate federal agency. 28 U.S.C. § 2675(a). Presentation of an FTCA claim must be made within two years of the accrual of the claimant's cause of action. 28 U.S.C. § 2401(b). A claim is deemed "presented" to the federal agency upon its receipt. *See* 28 C.F.R. § 14.2(a); *Vacek v. U.S. Postal Service*, 447 F.3d 1248, 1249 (9th Cir. 2006) (mailbox rule does not apply to FTCA

---

[3] After defendants' motion to dismiss was fully briefed and submitted for consideration by the court, plaintiff requested that the court consider several "supplemental" filings in opposition to defendants' motion, including his: (1) February 18, 2014 "Response to Defendants' Reply" and attached exhibits (ECF No. 51); and (2) May 22, 2014 affidavit (ECF No. 55). *See* ECF No. 56. These filings are neither authorized by the Federal Rules of Civil Procedure nor the court's local rules. In an abundance of caution, however, the above filings have been considered in resolving defendants' motion.

8

1  cases).  A civil action may not be instituted until an administrative claim has "been finally denied
2  by the agency in writing and sent by certified or registered mail."  *Id.*  The administrative claim
3  requirement under the FTCA is jurisdictional and cannot be waived.  *Cadwalder v. United States*,
4  45 F.3d 297, 300 (9th Cir. 1995).  In addition, courts are required to strictly construe the
5  exhaustion requirement.  *Vacek*, 447 F.3d at 1250; *see id.* (where exhaustion conditions not
6  satisfied, action may not proceed "merely because dismissal would visit a harsh result upon the
7  plaintiff").

8  Here, plaintiff failed to allege that he presented an FTCA claim within two years of the
9  incident giving rise to his claims.  He argues in his opposition brief that he satisfied the FTCA's
10  claim requirement because he submitted numerous prison grievance forms and some of the
11  responses thereto were either delayed or never received.  ECF No. 49 at 1-2; *see also* ECF No. 51
12  at 8-10.[4]  He also suggests that the letters he wrote on November 18, 2010 and December 22,
13  2010, regarding his efforts to exhaust the prison grievance process, satisfy the FTCA's claim
14  presentation requirement.  ECF No. 49 at 4, 43-44.  Plaintiff's arguments necessarily fail.
15  "[P]rison grievances are not sufficient to exhaust administrative remedies under the FTCA
16  because 'exhaustion requirements for administrative remedies through the BOP's inmate
17  grievance system differ from the exhaustion requirements for filing a claim under the FTCA.'"
18  *Petty v. Shojaei*, No. EDCV 12-1220 JAK, 2013 U.S. LEXIS 156636, at *7 n.3 (C.D. Cal. Sept.
19  27, 2013) (quoting *McDaniels v. Richland Co. Public Defenders Office*, 2012 U.S. Dist. LEXIS
20  65262, 2012 WL 1565618 at *5 (D. S.C. Mar. 27, 2012)).  Similarly, the letters to which plaintiff
21  refers were not properly filed "claims" for purposes of the FTCA.  *See* 28 C.F.R. § 543.31 (Filing
22  a Claim); *Blair v. United States*, 304 F.3d 861, 864 (9th Cir. 2002) (requiring that a claim include
23  (1) a written statement sufficiently describing the injury to enable the agency to begin its own
24  investigation, and (2) a "sum certain damages claim").  Thus, plaintiff's prison grievance filings
25  and his related efforts to exhaust that grievance process neither replace nor satisfy the FTCA's
26  claim presentation requirements.

---

[4] For ease of reference, all references to page numbers in plaintiff's filings are to those assigned via the court's electronic filing system.

In addition, plaintiff's suggestion that his claim did not actually accrue until January 15, 2013, the date he claims he "finally" received a diagnosis related to the injuries he sustained in the 2009 fall, must also be rejected. ECF No. 49 at 3-4; *see also* ECF No. 51 at 6 (arguing he did not know, until years after the accident, that the accident had "caused his [medical] problems"). "As a general rule, a claim accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action" and when "plaintiffs [know] both the fact of injury and its immediate physical cause." *Hensley v. United States*, 531 F.3d 1052, 1056, 1057 (9th Cir. 2008) (internal quotations omitted). It is readily apparent from plaintiff's own allegations that his claim accrued immediately upon his injury in July 2009, and that he could have timely complied with the FTCA's claim presentation requirement. *See generally* ECF No. 15 (Second Amended Complaint); *see also* ECF No. 49 at 13-14 (explaining that on July 13, 2009, he fell from ten feet onto the pavement, was knocked unconscious into a "pool of [his] own blood," "stopped breathing for five minutes or more," suffered a wound to the back of his head "shaped like a spider web," received nineteen stitches and a CAT scan, and "started having seizures a few months later"). Plaintiff had all of the information he needed in order to timely comply with the FTCA claim presentation requirements; he did not need to know the full extent of his injuries in order to so comply.

Exhibits attached to plaintiff's opposition (also confirmed by evidence submitted with defendants' motion[5]) show that it was not until September 13, 2012, that plaintiff completed the proper form for filing an FTCA claim and demanded a sum certain. ECF No. 49 at 27, 34; ECF No. 44-1 (Declaration of Jennifer Vickers, "Vickers Decl."). Another exhibit shows that the U.S. Department of Justice denied plaintiff's September 2012 claim because it was not timely presented within two years of the accrual of his claim. ECF No. 49 at 35; Vickers Decl.

/////

---

[5] Consideration of material outside the pleadings does not necessarily convert a Rule 12(b)(1) motion into one for summary judgment. *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). Here, defendants' evidence simply confirms what is established the complaint itself, as the plaintiff's attachments are part of the complaint and may be properly considered on a Rule 12(b) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001).

Plaintiff contends that the time for presenting an FTCA claim should be tolled in light of his "diminished capacity" following his injury, coupled with the fact that he is uneducated in the law and has limited legal resources. ECF No. 49 at 2; *see also* ECF No. 55 at 4 (claiming he was "confused" as to when he should file his FTCA claim). In the two years following the July 2009 incident, however, plaintiff was able to draft numerous letters and prison grievances related to his claim of injury. *See, e.g., id.* at 23 (January 29, 2011 prison grievance); 39 (November 4, 2010 request for injury form); 42 (November 18, 2010 request regarding medical care for injuries stemming from July 2009 head injury); 66 (November 19, 2010 request for BOP documents related to July 2009 injury). Plaintiff's own writings demonstrate that he was fully capable of presenting an FTCA claim within the time allowed, but failed to do so. Accordingly, even assuming it would otherwise be available, there is no basis for equitable tolling here.

Because plaintiff did not file an FTCA administrative claim until September 2012, his claim was untimely and any attempt to cure now would be futile. Therefore, the court lacks subject matter jurisdiction over plaintiff's FTCA claim and it must be dismissed with prejudice.[6]

### b. First Amendment Claim

Defendants argue that plaintiff fails to state a First Amendment retaliation claim against either Binford or Salinas. To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The First Amendment protects a prisoner's right to file prison grievances. *Id.* at 567.

Defendants note that plaintiff's chief complaint against them is they did not provide him with an accident report. Although plaintiff's complaint refers to this conduct as "retaliatory," defendants contend that a fair reading of the complaint does not support plaintiff's claim that their

---

[6] For that reason, the court need not address defendants' alternate arguments for dismissal of the FTCA claim. *See* ECF No. 44 at 4-5 (arguing that the FTCA claim must be dismissed because the Inmate Accident Compensation Act is plaintiff's exclusive remedy against the United States).

11

1  failure to provide the report was in retaliation for plaintiff's filing of the grievance requesting the
2  report. Rather, plaintiff alleges in the complaint that defendants would not produce the report on
3  the grounds that his accident was not work-related. *See* ECF No. 15, § IV, ¶¶ 38-40 ("when I
4  asked for the accident report, Binford and Salinas attempted to change the designation to make it
5  appear I was only working for 'Safety,'"); ¶¶ 41-42 ("I requested that staff change the erroneous
6  report that stated I was 'not specifically assigned to the recycling detail,' . . . [as] they are trying
7  to make it appear that [safety and recycling] are separate departments, since the accident"); ¶¶ 63-
8  64 ("Salinas and Binford have deliberately lied to state that such a report doesn't need to be filled
9  out under this work assignment situation"); ¶ 65 ("Salinas and Binford lied when they stated that
10 Plaintiff's work assignment did not include recycling duties"). Indeed, in explaining defendants'
11 motive for refusing to produce the report as requested in his grievance, plaintiff claims that
12 defendants went "out of their way to obfuscate and confuse the issues," "deny any
13 accountability," and "tr[ied] to block [his] efforts, claiming that the injury was not work related
14 . . . ." *Id.* § IV, ¶ 28. These allegations suggest, at most, that Binford and Salinas were
15 attempting to defeat plaintiff's grievance, not that they were retaliating against him for having
16 filed it.
17     Plaintiff's arguments in opposition to defendants' motion only support defendants'
18 reading of the complaint. Plaintiff asserts that defendants responded to his grievance with the
19 following statement:

> Please be advised that there's no BP-140 Form (accident report) for the injury
> sustained. It has been determined you were working outside of your job you were
> assigned according to the BP-169 (A&O job description forms). You are to do
> only the job assigned and trained for. The safety department has not authorized
> you to work on recycling equipment or in recycling detail.

24 ECF No. 49 at 12. Plaintiff argues that "it is evident from what [he] observed" that defendants
25 actions were "retaliatory," given their "failure to provide accident reports" and "clear appearance
26 of vindictiveness." ECF No. 55 at 4. He further asserts that defendants' failure to provide an
27 accident report was done to "hid[e] their inappropriate action" and violated the First Amendment
28 because "witnesses and the Plaintiff were never allowed to tell their stories and accounts." ECF

12

No. 51 at 11. Plaintiff also maintains that an accident report should have been issued and that defendants "willfull[y] conceal[ed] [] reports" and "with[eld] evidence." ECF No. 49 at 7-8.

Plaintiff confuses alleged improper handling of a complaint with acts of reprisal for having filed it. None of plaintiff's contentions lend support to a viable claim of retaliation. Rather, they suggest that defendants did not want to be held responsible for plaintiff's accident, refused to classify it as work related, and on that basis, refused to produce a report. The allegations, if taken as true, fail to establish that defendants took any adverse action against plaintiff because he engaged in protected conduct through the prison's grievance process. Accordingly, plaintiff fails to state a plausible First Amendment retaliation claim (and conspiracy to retaliate claim).

Plaintiff was previously informed of the requirements for stating a First Amendment retaliation claim. *See* ECF No. 11 at 8. He makes no showing through his opposition that the deficiencies in his retaliation claim could be cured by further amendment. Accordingly, the claim should be dismissed without further leave to amend. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

### c. Eighth Amendment Claim

Plaintiff also claims that defendants Binford, Salinas, and Fieber violated his Eighth Amendment rights by "requiring him to work in conditions that were likely to cause serious injury and . . . were deliberately indifferent to a serious known risk, after [a] previous injury [had] recently occurred in the same work area." ECF No. 15, § V, ¶ 1. Defendants argue that plaintiff has not alleged sufficient facts to make out an Eighth Amendment violation.

It is important to differentiate a common law personal injury tort claim for negligence from an Eighth Amendment claim of cruel and unusual punishment. "[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis

of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted). A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of those necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A showing of negligence or gross negligence is not sufficient. *Id.* at 835-36; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Rather, a prisoner must show that the defendant acted with "deliberate indifference" to his health or safety. *Farmer*, 511 U.S. at 834. To do so, the prisoner must establish that the defendant knew of and disregarded an excessive risk to his health or safety. *Id.* at 837, 842 (knowledge can be inferred from the obviousness of the risk). A prison official may thus be free from liability if he or she did not know of the risk or took reasonable action in response to the risk. *Id.* at 844.

Here, plaintiff's allegations as to his working conditions do not establish that any defendant knowingly disregarded an excessive risk to plaintiff's safety. He plainly alleges that he fell while working and was seriously injured. However, it is not at all clear from the complaint exactly what caused plaintiff to fall, i.e., a loss of balance, faulty equipment, etc. The vague allegation that another prisoner broke his arm "while assisting with the same task 6 months previous," is not enough to demonstrate that the working conditions themselves posed an excessive safety risk, that the defendants knew of that risk, and that they knowingly disregarded it. ECF No. 15, § IV, ¶ 10. Nor does the allegation demonstrate that Binford, Salinas, or Fieber were aware of the previous accident. In fact, plaintiff alleges that "[n]o accident report was filed" with respect to the prior accident. *Id.*, § IV, ¶ 58.

Moreover, plaintiff does not allege that any of the named defendants intended the accident or were otherwise directly responsible for it. Plaintiff claims that neither Binford nor Salinas were at work on the day of the accident, and that neither learned of the accident until two days after it happened. *Id.*, § IV, ¶¶ 7, 9. The only allegation that relates to Fieber is that he was told "immediately prior to the accident that [plaintiff] was in danger of falling and refused to act." *Id.*, § IV, ¶ 10. Plaintiff implies that Fieber could have and should have prevented him from falling,

/////

1    but provides no facts to support such an allegation.  At best, plaintiff alleges that someone told

2    Fieber that he might fall, and Fieber failed to act when he could have.

3        For these reasons, plaintiff does not sufficiently allege that his working conditions posed

4    an excessive risk to his safety, or that any defendant knowingly disregarded that risk.  At worst,

5    plaintiff's allegations suggest that defendants were negligent.  Negligence, however, is

6    insufficient to support an Eighth Amendment claim.  *See O'Neal v. Eu*, 866 F.2d 314, 314 (9th

7    Cir. 1989) (per curiam); *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) (allegedly unlawful

8    action "must involve more than ordinary lack of due care for the prisoner's interests or safety.").

9    Therefore, defendants' motion to dismiss the Eighth Amendment claim must be granted.

10       Additional allegations included in plaintiff's opposition to defendants' motion to dismiss

11   raise the question of whether the deficiencies in plaintiff's claim could be cured by further

12   amendment.  First, plaintiff more clearly explains the cause of his fall.  *See, e.g.,* ECF No. 49 at

13   13-14 (explaining that his job was to bail cans from the recycle bins into the crusher, that to

14   completely remove all of the cans it was necessary for him to step into the bin to shovel them out,

15   and that while performing this task, the "crudely made" bin, constructed of plywood, tipped,

16   causing him to be thrown from the bin to the asphalt below).  He also explains why the process of

17   bailing cans from the recycling bins was dangerous.  *See, e.g., id.* at 11 (alleging that instead of

18   using the proper metal recycling bins, Salinas and Binford fabricated "makeshift" bins out of used

19   wood pallets); ECF No. 51 at 2 (alleging that the previously injured inmate "was doing the same

20   job, using the same process, using the ill-made wood boxes, when he had the same accident that

21   shattered his elbow and upper arm").  In addition, plaintiff alleges new facts suggesting that

22   defendants Salinas, Binford, and Fieber were aware of the dangerous working conditions, but

23   disregarded the known safety risks and ordered plaintiff to continue working.  ECF No. 51 at 2

24   (alleging that Fieber and "recycling staff" chose to "hide" the prior accident); *id.* (alleging that

25   Salinas and Binford had issued a "standing order" for plaintiff to do his job); *id.* at 4 (alleging that

26   "[a]ll Defendants had prior knowledge of the dangerous hazardous work recycling process"); *id.*

27   at 2 & ECF No. 49 at 8, 84 (alleging that Fieber, who knew of the "makeshift" process, had been

28   warned that plaintiff's attempt to empty the cans from the bin "looked . . . like an accident waiting

to happen, and [that] another inmate had broke[n] his arm doing the same job a few months previous"). In light of these additional allegations, which are not in the current complaint, whether plaintiff will be able to amend his complaint to properly state an Eighth Amendment Bivens claim is a close enough question that he should be granted leave to amend his Eighth Amendment claim against defendants Salinas, Binford, and Fieber.

**Order and Recommendation**

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions to amend and to compel (ECF Nos. 41, 52) are denied, and his request to supplement his opposition defendants' motion to dismiss (EF No. 56) is granted.

Further, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 44) be granted;
2. Plaintiff's FTCA and First Amendment claims be dismissed without leave to amend, and with prejudice;
3. Plaintiff's Eighth Amendment claim against defendants Salinas, Binford, and Fieber be dismissed with leave to amend;
4. Plaintiff be granted leave to file a third amended complaint, consistent with these findings and recommendations and limited to an Eighth Amendment claim against defendants Salinas, Binford, and Fieber, within thirty days of the filing date of any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////
/////
/////
/////

1  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3  DATED:  September 4, 2014.

                        EDMUND F. BRENNAN
                        UNITED STATES MAGISTRATE JUDGE

17